JS-6

_____

                        UNITED STATES DISTRICT COURT
                       CENTRAL DISTRICT OF CALIFORNIA

                          CIVIL MINUTES – GENERAL

Case No.: 8:18-cv-00879-JLS-JDE                        Date: August 01, 2018
Title: Jose Antonio Tapia v. Sterigenics US, LLC, et al.


Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

      Terry Guerrero                                    N/A
       Deputy Clerk                                 Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

       Not Present                              Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S
                 MOTION TO REMAND (Doc. 10)**

   Before the Court is a Motion to Remand filed by Plaintiff Jose Tapia. (Mot., Doc. 10.) Defendant Sterigenics U.S., LLC ("Sterigenics") opposed (Opp., Doc. 13), and Plaintiff replied (Reply, Doc. 15). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for August 3, 2018, at 2:30 p.m., is VACATED. For the following reasons, the Motion to Remand is GRANTED.

   **I.    BACKGROUND**

   On October 11, 2017, Plaintiff Jose Tapia filed this employment discrimination lawsuit in California Superior Court against his employer Sterigenics and his supervisors Efrain Guzman and Robert Ceja. (*See Tapia v. Sterigenics et al.*, 8:17-cv-02135-JLS-JDE, Doc. 1-1.) On December 5, 2017, Sterigenics removed the action to this Court on the basis of diversity jurisdiction, alleging that Guzman and Ceja, both California citizens, were fraudulently joined "sham defendants." (Notice of Removal, 8:17-cv-02135-JLS-JDE, Doc. 1.) On January 30, 2018, the Court granted Plaintiff's motion to remand, finding that Sterigenics had "failed to establish that there is absolutely no

_____

CIVIL MINUTES – GENERAL                          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-00879-JLS-JDE                               Date: August 01, 2018
Title: Jose Antonio Tapia v. Sterigenics US, LLC, et al.

possibility that [Plaintiff] will be able to establish a cause of action against Guzman.[1]" (Order Granting MTR at 6, 8:17-cv-02135-JLS-JDE, Doc. 17.)

On April 2, 2018, Plaintiff filed his First Amended Complaint in Superior Court against Sterigenics and Guzman, alleging in part that Guzman engaged in a pattern of harassment on the basis of Plaintiff's age and disability. (Sosa Decl. ¶ 5, Doc. 10-1; FAC ¶¶ 106–131, Doc. 10-1.) Sterigenics and Guzman filed a joint Answer, but no demurrer. (Sosa Decl. ¶ 6; Answer, Doc. 10-1.) Then, on April 9, 2018, they deposed Plaintiff regarding his allegations against Guzman. (Tapia Dep., Doc. 1-25.) Plaintiff testified that Guzman did not make any comments directly to him about his age or disability. (*Id.* at 133:22–136:8.)

On May 8, 2018, Sterigenics removed the case again, repeating its allegations that Guzman was fraudulently joined and citing Plaintiff's deposition testimony. (Notice of Removal ¶¶ 4–5, Doc. 1.)

## II.   **LEGAL STANDARD**

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

In sum, "section 1446(b) identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" *Id.* (*citing Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an

---

[1] Plaintiff separately stipulated to dismiss Ceja. (*See* Order Granting MTR at 4, 8:17-cv-02135-JLS-JDE.)

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-00879-JLS-JDE                                         Date: August 01, 2018
Title: Jose Antonio Tapia v. Sterigenics US, LLC, et al.

amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.*

"If the notice of removal was untimely, a plaintiff may move to remand the case back to state court." *Id.*

### III.    <u>DISCUSSION</u>

The parties dispute whether the Notice of Removal was timely filed. (Mem. at 7–9; Opp. at 9–10.) Plaintiff argues that Sterigenics may not avail itself of the second thirty-day removal period because its fraudulent joinder argument is based on facts which it could have ascertained upon receipt of the initial pleading. (Mem. at 9.) Sterigenics argues that it is entitled to the second thirty-day removal period and that Plaintiff's deposition constitutes an "other paper" from which removability was first ascertained. (Opp. at 9–10.)

"Fraudulent joinder is a term of art" that applies when "a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Therefore, "fraudulent joinder should be measured at the time a complaint is filed." *Verduzco v. Ford Motor Co.*, No. 1:13-CV-01437-LJO-BA, 2013 WL 6053833, at *2 (E.D. Cal. Nov. 15, 2013) (*citing Ritchey*, 139 F.3d at 1318). Accordingly, to be timely, a notice of removal alleging fraudulent joinder must be filed within § 1446(b)'s first thirty-day removal period. *Id.* at *2–*3; *Simpson v. Union Pac. R. Co.*, 282 F. Supp. 2d 1151, 1157 (N.D. Cal. 2003) ("The problem in a cause such as the one before this court is that fraudulent joinder can be ascertained at the outset."); *Gamez v. Chipotle Mexican Grill, Inc.*, No. 2:17-CV-01157-SVW (JPR), 2017 WL 1430604, at *3 (C.D. Cal. Apr. 20, 2017); *Hardman v. Boeing Co.*, No. CV-1504-338-BRO (SSx), 2015 WL 4554378, at *4 (C.D. Cal. July 28, 2015); *Rollins v. Fresenius USA, Inc.*, No. CV 13-09394 JGB AGRX, 2014 WL 462822, at *5 (C.D. Cal. Feb. 4, 2014); *Selman v. Pfizer, Inc.*, No. 11-CV-1400-HU, 2011 WL 6655354, at *4 (D. Or. Dec. 16, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:18-cv-00879-JLS-JDE                                     Date: August 01, 2018
Title: Jose Antonio Tapia v. Sterigenics US, LLC, et al.

Therefore, Sterigenics cannot avail itself of the second thirty-day removal period on a fraudulent joinder theory.[2]  Because the Notice of Removal was filed more than thirty days after Sterigenics' receipt of the initial pleading, removal was untimely and remand is proper.  *See Simpson*, 282 F. Supp. 2d at 1158.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED.  The case is remanded to Orange County Superior Court, Case No. 30-02017-00948991-CU-WT-CJC.

Initials of Preparer:  tg

---

[2] The Court notes that the logic of this rule is borne out by the particular facts of this case.  Even if Plaintiff's deposition testimony is ultimately helpful to the defense, that does not make it relevant for purposes of fraudulent joinder, where "plaintiffs do not bear the burden of proving their claims valid," but rather, "the burden rests with defendants to show that plaintiffs' failure to state a claim was 'obvious according to the settled rules of the state.'"  *Simpson*, 282 F. Supp. 2d at 1160.  The Court has already held that Sterigenics failed to carry this burden.  (*See* Order Granting MTR at 6, 8:17-cv-02135-JLS-JDE.)